UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE D. PAYNE,

    Plaintiff,

    v.                                                     CAUSE NO. 3:23-CV-598-DRL-JPK

J. ALLEN,

    Defendant.

## OPINION AND ORDER

Andre D. Payne, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Payne is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Payne is an inmate at Indiana State Prison. He claims that on September 8, 2022, Officer J. Allen approached him and said, "What the fuck are you doing on my range bitch? I don't like you." He allegedly responded, "Bitch I don't like you either."

She then allegedly punched him in the chest, kicked him in the genitals, and sprayed him with pepper spray. He claims the pepper spray caused him trouble breathing due to his asthma and also burned his eyes and skin. He claims Officer Allen did not seek any medical treatment for him or even tell anyone she had sprayed him with pepper spray for seven hours, despite seeing that he was in need of a shower to rinse off the spray and medical treatment for his breathing. He claims she did this to cause him further pain. Based on this incident, he sues Officer Allen for money damages.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, Mr. Payne alleges that Officer Allen punched him, kicked him, sprayed him with pepper spray, and then left him to suffer the effects of the spray for several hours. The court is cognizant that Mr. Payne was found guilty of "assaulting an officer" in connection with this incident and that he is challenging that finding in a separate habeas case. *Payne v. Warden*, 3:23-CV-597-RLM-MGG (N.D. Ind. filed June 26, 2023). Documents filed in that case reflect that Officer Allen claimed she used force because Mr. Payne

touched her on the bottom while she was making her rounds.[1] A civil claim that necessarily implies the invalidity of an outstanding conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).) This rule applies with equal force to prison disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

However, excessive force claims are not always inconsistent with an outstanding conviction. *Johnson,* 944 F.3d at 968. As master of his complaint, a plaintiff can avoid the *Heck* bar if his claim does not necessarily refute the factual underpinnings for his conviction. *Id.*; *see also Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016). Mr. Payne does not expressly deny that he touched Officer Allen's bottom or otherwise refute the factual underpinnings of his disciplinary conviction. He alleges, in effect, that Officer Allen used more force than was necessary under the circumstances. He further alleges that she left him to suffer the effect of the spray for hours, not for any legitimate penological reason but to cause him further pain. Although he will not be permitted to assert any argument in this case that refutes the finding that he touched Officer Allen's bottom (unless his disciplinary conviction is overturned), he has alleged enough to proceed beyond the pleading stage on an excessive force claim.

---

[1] The court is permitted to take judicial notice of public court records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Mr. Payne argues in the habeas case is that it was another inmate who touched Officer Allen and that he was denied camera evidence to support his version of events. *Warden,* 3:23-CV-597-RLM-MGG, ECF 1. Notably, an attachment to the complaint reflects that a superior officer found Officer Allen's account of the incident "extremely inaccurate." (ECF 1-1 at 9.) The attachment also reflects that for undisclosed reasons, Officer Allen is no longer employed at ISP. (*Id.*)

Under the Eighth Amendment, inmates are also entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where "that delay . . . unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted).

Mr. Payne claims that he suffers from chronic asthma and that the pepper spray caused him difficulty breathing. He further claims Officer Allen delayed for seven hours in seeking medical treatment for him, not for any legitimate reason but to cause him further suffering. Giving him the inferences to which he is entitled at this stage, he has plausibly alleged that Officer Allen denied him medical care in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer J. Allen in her personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about September 8, 2022;

(2) GRANTS the plaintiff leave to proceed against Officer J. Allen in her personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment on or about September 8, 2022;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer J. Allen at the Indiana Department of Correction and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer J. Allen respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 12, 2023                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court