UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. PAYNE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-598 |
| J. ALLEN, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the court on the motions for summary judgment [DE 32; DE 34] filed by the parties. Andre D. Payne, a prisoner without a lawyer, is proceeding in this case against Officer Jammie Allen on two claims: (1) "for using excessive force against him in violation of the Eighth Amendment on or about September 8, 2022;" and (2) "for denying him medical care in violation of the Eighth Amendment on or about September 8, 2022[.]" [DE 4 at 4-5]. Payne filed a motion for summary judgment. [DE 32]. Officer Allen filed a response. [DE 38]. Payne has not filed a reply, and the time to do so has now passed. Officer Allen also filed a cross-motion for summary judgment. [DE 34]. The court extended Payne's time to respond to Officer Allen's summary judgment motion until May 22, 2024. [DE 43]. This deadline passed over eight months ago, and Payne has not responded. Therefore, the court will now rule on both summary judgment motions.[1]

---

[1] The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment. [DE 17]. On February 1, 2024, this case was

*Discussion*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard does not change when parties file cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). "When considering the plaintiffs' motion for summary judgment, the court must consider the evidence in the light reasonably most favorable to the defendants, and vice versa." *Eaton v. Onan Corp.*, 117 F. Supp. 2d 812, 818 (S. D. Ind. 2000); *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) ("With crossmotions, our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made.") (citation omitted). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

---

reassigned from Magistrate Judge Joshua P. Kolar to Magistrate Judge Andrew P. Rodovich, and the parties did not object. [DE 29]. Magistrate Judge Andrew P. Rodovich has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72-1.

Officer Allen has provided an affidavit, in which she attests to the following facts: On September 8, 2022, Officer Allen was working the night shift doing rounds in C-Cellhouse. [DE 34-1 at 1]. Officer Allen was alone on the 500 range when Payne came up behind her. *Id.* at 1-2. Officer Allen did not know why Payne was out of his cell and was not expecting any inmates to be out of their cells. *Id.* at 2. Officer Allen asked Payne how he got upstairs, and Payne responded he had "found a way" upstairs. *Id.* Officer Allen turned around to continue downstairs, and Payne grabbed her buttocks. *Id.* Officer Allen then turned around and struck Payne in the chest with her fist to get him off her. *Id.* Payne said something like, "I'll take that, it was worth it." *Id.* The punch did not deter Payne, and he continued to closely follow Officer Allen as she tried to get downstairs. *Id.* Officer Allen was afraid for her safety because Payne had just assaulted her and they were alone in the hallway. *Id.* She sprayed OC spray in the direction of Payne's face for approximately one second to get him away. *Id.* Payne then ran away holding his shirt over his face. *Id.* Officer Allen did not call for medical assistance for Payne as he did not seem to be in pain or distress when he ran away. *Id.* Officer Allen believed that if Payne required medical attention, he would have asked another correctional officer for assistance. *Id.* at 3. Officer Allen continued to the officer's station but did not initially report the incident because she was distracted by another incident with a different inmate. *Id.* She eventually reported the incident to her supervising officer and filled out an incident report. *Id.* She was not involved in taking Payne to the medical unit for a decontamination shower and does not know what time Payne

3

eventually received a decontamination shower. *Id.* At the end of her shift, Officer Allen left her position as a correctional officer at Indiana State Prison ("ISP"). *Id.*

At his deposition, Payne testified to the following facts: The evening of September 8, 2022, Payne was let out of his cell by a correctional officer to take a shower and get water. [DE 32-1 at 56]. It was not unusual for inmates to be out of their cells at that time. *Id.* When Payne was returning to his cell, he witnessed an altercation between Officer Allen and another inmate. *Id.* at 57. Payne objected when he heard Officer Allen make derogatory comments about all the inmates in ISP, but then he continued up the stairs to his cell. *Id.* at 59-61. Payne stopped to speak to other inmates, at which point Officer Allen walked past him and said "bitch, what you doing on my range, I don't like you." *Id.* at 61-63. Payne responded, "I don't like you neither, bitch," at which point Officer Allen turned around, punched him in his chest, and sprayed him with OC spray. *Id.* at 62-64. Payne never touched Officer Allen, and Officer Allen did not say anything to Payne or give him any orders before striking him and spraying him. *Id.* at 66-67. He did not call for help at this time because he feared he would be taken to segregation and he had visitors coming the next day to celebrate his birthday. *Id.* at 66-67, 73-76. Payne went back to his cell to use his inhaler and clean himself off, but he still did not request help because he was afraid. *Id.* at 68. He could have called out to the correctional officers from his cell for medical assistance or requested medical assistance during the 9:00 p.m. count, but he decided not to do so because he did not want to be punished. *Id.* at 76. Approximately seven hours later, after Officer Allen wrote Payne up

4

for a conduct report, correctional officers came to his cell, and he was escorted to the medical unit for a decontamination shower. *Id.* at 74, 79.

*Excessive force claim*

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Here, summary judgment is not warranted in favor of either party as disputed material facts exist regarding whether Officer Allen used excessive force against Payne. Specifically, Officer Allen claimed she used only a reasonable amount of force to defend herself and restore order after Payne assaulted her and continued to follow her while she tried to get away. A reasonable jury could credit this testimony and conclude Officer Allen's use of force was exercised in good faith. Alternatively, Payne testified at his deposition that he never received or refused any orders from Officer Allen and had merely exchanged words with her while standing in the hallway. Nevertheless, she

5

struck him in the chest, sprayed him in the face with OC spray without any warning, and then delayed in reporting the incident and made no effort to get him medical attention or a decontamination shower. A reasonable jury could credit this testimony and conclude Officer Allen used more force than was necessary, the force was not needed because of a risk to someone's safety, and Officer Allen made no effort to limit the severity of the force. *See McCottrell*, 933 F.3d at 663; *see also Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (force "without penological justification" is excessive); *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009) (force "including mace and tear gas . . . should generally follow adequate warnings").[2]  Because resolving this claim hinges on credibility disputes not suitable for resolution at summary judgment, and a reasonable jury could credit either party's version of the facts and balance the *McCottrell* factors accordingly, summary judgment for either party is **DENIED**. *See Payne v. Pauley*, 337

---

[2] Officer Allen argues Payne "cannot contest that he assaulted Ms. Allen, as that is the basis of his disciplinary conviction which has never been expunged or overturned." [DE 35 at 5]. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a litigant may not assert any claim in a civil lawsuit that necessarily implies the invalidity of his outstanding criminal conviction. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019); *Edwards v. Balisok*, 520 U.S. 641 (1997) (extending the *Heck* bar to prison disciplinary convictions). The court notes Payne was found guilty of assaulting Officer Allen in a disciplinary hearing, and later filed a habeas petition which the court denied after concluding there was sufficient evidence the contact of Officer Allen by Payne was "not accidental." *See Payne v. Warden*, No. 3:23-CV-597-MGG, 2024 WL 1071648 (N.D. Ind. Mar. 12, 2024). However, accepting as true that Payne assaulted and made non-accidental contact with Officer Allen at some point during the altercation, a reasonable jury still could conclude Officer Allen used more force than was reasonably necessary by striking and spraying Payne with OC spray without warning at a time he was not actively resisting, by delaying in reporting the incident, and by making no effort to get him medical attention after the use of force. Because Officer Allen could be found liable for using excessive force against Payne without necessarily impugning the disciplinary process' determination that Payne assaulted Officer Allen, Payne's excessive force claim against Officer Allen is not *Heck* barred. *See Elcock v. Whitecotton*, 434 F. App'x 541, 542-43 (7th Cir. 2011) ("a claim of excessive force accrues immediately and, if proved, will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard"); *Johnson*, 944 F.3d at 968 (conviction for resisting law enforcement did not bar claim that officer used excessive force in effectuating arrest); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010) (excessive force claim was not barred by *Heck*).

F.3d 767, 770 (7th Cir. 2003) (The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.").

*Serious medical need*

Under the Eighth Amendment, prison officials have a duty to ensure inmates receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for an Eighth Amendment violation, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendants acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021). Even when a prison doctor did not treat for appendicitis until three and a half days after seeing the prisoner, the Seventh Circuit found that the doctor had not been deliberately indifferent to the prisoner's need because his symptoms were atypical. *Brown v. Osmundson*, 38 F.4th 545 551 (7th Cir. 2022); *contra Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (a two-month delay for a prisoner suffering from gastro-esophageal reflux disease). Payne was able to run away from Officer Allen, put on a clean shirt, and minimize the effects of the OC spray. Nothing indicated to Officer Allen that Payne was suffering from an objectively serious medical need.

To satisfy the second prong, Payne must show Officer Allen "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though [she] could have easily done so." *Board v.*

7

*Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee County*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)).

Even if the OC spray caused Payne an objectively serious medical need, he has failed to demonstrate that Officer Allen acted with deliberate indifference. "Deliberate indifference requires a look into the subjective state of the defendants' mind." *Osmundson*, 38 F.4th at 551 (citing Wilson v. Adams, 901 F.3d 816, 820 (7th Cir. 2018)). The prison official must know of and disregard the harm. *Dean*, 18 F.4th at 241. Officer Allen's affidavit states that she was called into another situation after the encounter with Payne, which distracted her. After that secondary situation was resolved, Officer Allen filed a reporting noting the incident with Payne. Payne does not dispute this.

Becoming distracted by another critical situation does not amount to deliberate indifference. Officer Allen's testimony that she was delayed in reporting the incident and believed Payne could obtain a decontamination shower from another correctional officer does not reflect "intentionally and criminally reckless" behavior. *Farnham*, 394 F.3d at 478. Her conduct does not support a finding that she intended to injure or punish Payne as required by the Eighth Amendment.

Officer Allen raises two additional arguments, but this Court need not address those since summary judgment on the Serious Medical Need issue is warranted on the merits.

For these reasons, the court **DENIES** Andre Payne's Motion for Summary Judgment [DE 32] and **DENIES IN PART** and **GRANTS IN PART** Officer Jammie Allen's Motion for Summary Judgment [DE 34].

ENTERED this 24th day of March, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge